Ruffm, C. J.
 

 We are not aware, that the point in this case has been directly before the Court before. But we believe, that it has been understood by the whole profession hitherto, that Justices’ judgments were to be paid before notes and bonds. The members of the Court have always so considered ; and upon enquiry of the Bar, we are informed that there has been no impression to the contrary, as far as the gentlemen attending this Court are informed. It is true, that they cannot be allowed the dignity of debts of record, ©f which an executor must take notice at his peril; because the executor cannot know, where to go in search of them. Therefore it is-necessary that the creditor should give notice of them. But when notice of a Justice’s judgment is given, its priority arises over specialities because the one debt has been judicially ascertained, according to the law of the country, and the other rests entirely
 
 in pais.
 
 There is every reason for preferring it before specialities, that there is.
 
 *233
 
 for the preference given to a debt of record, except that the latter is in such a state as to be in itself notice of its existence to the executor. Both creditors have been diligent in prosecuting their demands to judgment, before the only tribunals having jurisdiction, and therefore each is entitled to the like favour ; (and each debt is established beyond controversy. Then, by giving actual notice, the creditor by a judgment out of Court supplies all that is wanting to put his demand on the footing of a judgment in Court, as respects its relative dignity with that of bonds. It is true, that a J ustice’s judgment does not absolutely prove itself, but to some purposes requires evidence that it is genuine. Yet to others it; may be acted on without such evidence, as when one Justice issues an execution on a judgment given by another.
 

 The dormancy of a judgment does not at all affect its dignity, in the administration of assets ; for, in every case, no proceedings can be. taken on a judgment, until the executor has been made a party by
 
 scire facias,
 
 or a judgment has been taken on it in an action against the executor.
 

 Upon the whole, the Court concurs fully with his Honor, and affirms the judgment.
 

 Pbr Curiam.
 

 Judgment affirmed.